**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

XPO, INC.,

         Plaintiff,

    v.

SAMUEL BYRD,

         Defendant.

**NOTICE OF REMOVAL**
(from Mecklenburg County
25 CVS 17297-590)

**TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
NORTH CAROLINA, CHARLOTTE DIVISION**

Pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, Samuel Byrd, defendant in the case captioned *XPO, Inc., v. Samuel Byrd*, North Carolina General Court of Justice, Superior Court Division, Mecklenburg County, Case No. 25 CVS 17297-590 (the "***State Court Action***"), hereby removes the State Court Action to the United States District Court for the Western District of North Carolina.

Removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332, in that complete diversity exists between the parties and the amount in controversy exceeds $75,000.00. In support of this Notice of Removal, Defendant shows the Court as follows:

**SUMMARY OF THE MATTER BEFORE THE COURT**

1.     In summary, the State Court Action is a noncompete case filed by Plaintiff XPO, Inc. ("Plaintiff" or "XPO"), against its former employee, Defendant Samuel Byrd ("Defendant"). The Summons and Complaint filed by XPO in the State Court Action are attached hereto as **Exhibits 1 and 2,** respectively. All other pleadings, process, or orders filed to date in the State Court Action are also attached hereto as **Exhibits 3 and 4.**

2.      Defendant is a citizen and resident of the State of Ohio.  Upon information and belief, XPO is a corporation organized and existing under the laws of the State of Delaware, with its principal office located in Greenwich, Connecticut and extensive operations in the State of North Carolina.  Complaint, ¶ 9.

3.      The Complaint alleges that Defendant is now working in a sales position for Central Transport, a direct competitor of XPO in the less-than-truckload ("LTL") market and a Competing Business of XPO, as defined in the Confidential Information Protection Agreement between Plaintiff and Defendant (the "Agreement").  Complaint, ¶ 38.

4.      The Complaint further alleges that Defendant breached the non-solicitation obligations in the Agreement by soliciting certain of XPO's customers with whom Defendant worked during the last year of his employment at XPO. Complaint, ¶¶ 53, 54.

5.      Defendant denies these allegations.

6.      The Complaint includes a single claim for breach of contract against Defendant. Complaint, ¶¶ 55-59.

7.      The Complaint also includes a Motion for Preliminary Injunction.  Complaint, ¶¶ 60-63.  The injunctive relief that XPO seeks includes an injunction prohibiting Defendant from: (a) violating his non-competition provisions in the Agreement by performing services for a Competing Business in an area, division, or segment that competes with XPO. Complaint, ¶ 62.

8.      XPO seeks compensatory damages and other relief.  Complaint, Prayer for Relief, ¶¶ 2, 3.

9.      A hearing on XPO's motion for preliminary injunction is currently scheduled for April 7, 2025, in Mecklenburg County Superior Court.  Counsel for Defendant has notified counsel for Plaintiff of Defendant's intention to remove this matter to federal court.

## TIMELINESS OF REMOVAL

10.     This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after April 4, 2025, when counsel for Defendant first received a copy of the Summons and Complaint.

## BASIS FOR REMOVAL JURISDICTION

11.     Complete diversity exists between the parties in this case.  XPO is a citizen of Delaware, while Defendant is a citizen of Ohio.

12.     The allegations in XPO's Complaint filed in the State Court Action satisfy the $75,000 amount in controversy requirement under 28 U.S.C. § 1332(b).  XPO alleges that it is one of the largest LTL providers in North America.  Complaint, ¶ 11.  XPO alleges that Defendant worked with XPO's largest customers, which had warehouses and facilities throughout the country.  Complaint, ¶ 31.  XPO alleges Defendant had access to confidential information that XPO invested heavily to develop.  Complaint, ¶¶ 14, 32.  XPO alleges it "spent significant time and resources" developing this information. Complaint, ¶ 15.  XPO alleges Defendant will be making use of this information for his current employer.  Complaint, ¶ 42.  XPO seeks to enjoin Defendant from working for six months.  Complaint, ¶ 54.  XPO seeks compensatory damages. In a previous matter involving what XPO alleges is a "nearly identical" agreement, this Court set a bond of $75,000.  See Exhibit 4 (Ex. B, Northrop Injunction).  It is, therefore, reasonable, that the amount in controversy is more than $75,000.

## VENUE

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for Western District of North Carolina, Charlotte Division, is the federal jurisdiction embracing the North Carolina General Court of Justice, Superior Court Division,

Mecklenburg County, where XPO filed the State Court Action. Paragraph 18(d) of the Agreement also contains a Consent to Jurisdiction provision indicating the parties' consent to the jurisdiction of this Court.

## **NOTICE TO STATE COURT AND PLAINTIFF**

14.     Pursuant to 28 U.S.C. § 1446(d), Defendant has filed this Notice with the Court, is serving a copy of this Notice upon counsel for XPO, and is filing a Notice to State Court of Removal to Federal Court with the Clerk of the Superior Court for Mecklenburg County. A copy of the Notice to State Court of Removal to Federal Court (with this Notice but without the additional exhibits) is attached hereto as **Exhibit 5**.

WHEREFORE, the case now pending in the North Carolina General Court of Justice, Superior Court Division, Mecklenburg County, under the caption *XPO, Inc. v. Samuel Byrd*, Case No. 25-CVS-17297-590 is hereby removed to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1441 and 1446, and all further proceedings will be conducted in this Court as provided by law.

Respectfully submitted, this the 7th day of April, 2025.

/s/*Marc E. Gustafson*
**BELL, DAVIS & PITT, P.A**.
Marc E. Gustafson, N.C. State Bar No. 34429
227 West Trade Street, Suite 1800
Charlotte, NC 28202
Telephone:     (704) 227-0400
Facsimile:     (704) 227-0178
Email:          mgustafson@belldavispitt.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing in the above-entitled action upon the addressee(s) listed below by:

( )     Hand-delivering a copy thereof to the attorney(s);

Or

( )     Depositing a copy hereof in a postpaid wrapper in a post office or official depository by first class mail under the exclusive care and custody of the United States Post Office Department properly addressed to the addressee(s) below;

Or

(X)    Email.


This the 7th day of April, 2025.


/s/*Marc E. Gustafson*
Marc E. Gustafson

Addressee(s):

Douglas M. Jarrell
Jazzmin M. Romero
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246-1900
djarrell@robinsonbradshaw.com
jromero@robinsonbradshaw.com
*Counsel for Plaintiff*